**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**NANCY BRETT,**

    **Plaintiff,**

**v.**                                                                      **CASE NO.:**

**AMAZON.COM, INC. and**
**AMAZON.COM SERVICES, INC.**

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NANCY BRETT ("Plaintiff"), by and through her undersigned counsel, brings this action against Defendants, AMAZON.COM, INC. and AMAZON.COM SERVICES, INC. (together, "Defendants"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1.      This is an action for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 621 et seq., and the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3.      Venue is proper in the Middle District of Florida, Jacksonville Division, because all of the events giving rise to these claims occurred in Duval County, Florida with venue located in this Court.

**PARTIES**

4.      Plaintiff is a resident of Duval County, Florida, and during all times material and relevant hereto, Plaintiff worked for Defendants at their office location in Duval County, Florida.

5.      Defendants are foreign for-profit corporations conducting business in the State of Florida and Duval County, Florida.

**GENERAL ALLEGATIONS**

6.      At all times material hereto, Defendants employed twenty (20) or more employees; thus, Defendants are an "employer" within the meaning of Title VII, ADEA, and ADA.

7.      At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of Title VII, ADEA, and ADA.

8.      Plaintiff is a Caucasian who is over 40 years of age.

9.      Defendants acted through their officers, directors, employees, agents, servants and/or representatives at all times during the Plaintiff's employment with the Defendants.

10.     Plaintiff has satisfied all conditions precedent, or they have been waived.

11.     Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

12.     Plaintiff requests a jury trial for all issues so triable.

**FACTS**

13.     Plaintiff began working for Defendants as a warehouse associate in or around January 2017.

2

14.     During Plaintiff's tenure with Defendants, Plaintiff satisfactorily performed the essential duties of her position.

15.     In or around mid-2018, another similarly situated employee as Plaintiff, Diane, who is African American and under 40 years of age, started bullying, harassing and creating a hostile work environment for Plaintiff, including without limitation, Diane telling other employees that Diane was going to get Plaintiff terminated.

16.     Starting in or around September 2018, Plaintiff made multiple complaints regarding Diane's misconduct to Defendants, including to Defendant's human resources representative, AJ.

17.     Notwithstanding Plaintiff's complaints to Defendants, Defendants and AJ took no remedial or corrective action to stop Diane's continuing misconduct against Plaintiff nor disciplined Diane for such continuing misconduct against Plaintiff.

18.     Instead of taking the appropriate action, when Plaintiff complained to AJ regarding Diane's misconduct, AJ would unlawfully: (i) make hostile and harassing ageist comments to Plaintiff that Plaintiff was not physically able to do ger job and not fit to work for Defendants and (ii) make hostile and harassing comments to Plaintiff based on AJ perceiving that Plaintiff suffered from disabilities and/or the perception that Plaintiff was disabled by stating that Plaintiff was not physically able to do her job and not fit to work for Defendants.

19.     Plaintiff promptly objected to AJ regarding AJ's unlawful conduct described above.

20.     Following Plaintiff's complaints regarding Diane and Plaintiff's objections to AJ's unlawful conduct, on or about January 7, 2019, Diane falsely complained to Defendants that Plaintiff spit on Diane.

21.     Immediately thereafter, on or about January 8, 2019, Plaintiff suffered unlawful retaliatory adverse employment action by Defendant when based on Diane's false complaint Defendants through AJ placed Plaintiff on an unwarranted 10 day leave of absence to be evaluated by physicians as to whether Plaintiff was physically and mentally fit to do her job, including based on Plaintiff's age.

22.     Again, Plaintiff objected to AJ regarding the unlawful discrimination against her based on her age and perceived disabilities and perception Plaintiff was disable when AJ placed Plaintiff on the 10 day leave of absence.

23.     Defendants, including AJ, took no adverse employment action against Diane, who is African American and under 40 years old, based on Plaintiff's multiple complaints about Diane's misconduct. Plaintiff was unlawfully discriminated against based on her race and age and unlawfully subjected to different terms and conditions of her employment based on her race and age.

24.     Thereafter, Plaintiff was evaluated as required by Defendants and the physicians who evaluated Plaintiff stated that Plaintiff was in fine condition to return to work and Defendants informed Plaintiff she could return to work on or about January 20, 2019.

25.     However, when Plaintiff returned to work as Defendants instructed on or about January 20, 2019, Defendants refused to allow Plaintiff entrance through the security gate and informed Plaintiff to instead return to work on or about January 23, 2019.

26.     When Plaintiff then returned to work as Defendants instructed on or about January 23, 2019, Defendants unlawfully further: (i) discriminated against Plaintiff based on Plaintiff's age, perceived disabilities and perception of being disabled,  and race and (ii) retaliated against Plaintiff based on Plaintiff's objections to Defendants unlawful conduct, by Defendants terminating Plaintiff's employment.

27.     Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission and Plaintiff received her Right to Sue Letter from the EEOC on or about September 12, 2019 which is less than ninety days from the date hereof; and therefore, Plaintiff may file her claims under Title VII, ADA and ADEA.

28.     Plaintiff has suffered and continues to suffer severe financial and emotional damages due to Defendants unlawful conduct.

## COUNT I – TITLE VII VIOLATION
### (Race Discrimination)

29.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

30.     As a Caucasian person, Plaintiff is a member of a protected class of persons under Title VII based on her race.

31.     Plaintiff was subjected to disparate treatment, a hostile and harassing work environment, and subjected to different terms and conditions of her employment by Defendants, based on Plaintiff's race, including without limitation, Plaintiff's termination on or about January 23, 2019.

32.     The foregoing actions constitute unlawful discrimination, in violation of Title VII.

33.     Defendants' actions were willful and done with malice.

34.     As a direct and proximate result of Defendants' willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

35.     Plaintiff was injured due to Defendants' violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a.  A jury trial on all issues so triable;

    b.  That process issue and that this Court take jurisdiction over the case;

    c.  Judgment against Defendants, permanently enjoining Defendants from future violations of Section Title VII and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

    d.  Compensatory damages, including emotional distress, allowable at law;

    e.  Punitive damages;

    f.  Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    g.  Prejudgment interest on all monetary recovery obtained;

    h.  All costs and attorney's fees incurred in prosecuting these claims; and

    i.  For such further relief as this Court deems just and equitable.

## COUNT II – ADEA VIOLATION
### (Age Discrimination)

36.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

37.     As an individual who is over forty (40) years of age, Plaintiff is a member of a protected class under the ADEA.

38.     Plaintiff was subjected to disparate treatment, a hostile and harassing work environment, and subjected to different terms and conditions of her employment by Defendants, based on Plaintiff's age, including without limitation, Plaintiff's termination on or about January 23, 2019.

39.     Defendants' actions were willful and done with malice.

40.     Plaintiff was injured due to Defendants' violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     An injunction restraining continued violation of the ADEA;

d)     Compensation for lost wages, benefits, and other remuneration;

e)     Reinstatement of Plaintiff to a position comparable to her prior position with back pay plus interest, or in the alternative, front pay;

f)     Liquidated damages in an amount equal to Plaintiff's total damages;

g)     Prejudgment interest on all monetary recovery obtained.

h)     All costs and attorney's fees incurred in prosecuting these claims; and

i)      For such further relief as this Court deems just and equitable.

## COUNT III – ADEA VIOLATION
### (Retaliation)

41.      Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

42.      As an individual who is over forty (40) years of age, Plaintiff is a member of a protected class under the ADEA.

43.      Plaintiff was unlawfully retaliated against by Defendants based on Plaintiff exercising her rights by complaining and objecting to Defendants' unlawful age discrimination against her, including without limitation, Defendants' unlawful termination of Plaintiff's employment on or about January 23, 2019.

44.      Defendants' actions were willful and done with malice.

45.      Plaintiff was injured due to Defendants' violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

j)      A jury trial on all issues so triable;

k)      That process issue and that this Court take jurisdiction over the case;

l)      An injunction restraining continued violation of the ADEA;

m)      Compensation for lost wages, benefits, and other remuneration;

n)      Reinstatement of Plaintiff to a position comparable to her prior position with back pay plus interest, or in the alternative, front pay;

o)      Liquidated damages in an amount equal to Plaintiff's total damages;

p)      Prejudgment interest on all monetary recovery obtained.

q)    All costs and attorney's fees incurred in prosecuting these claims; and

r)    For such further relief as this Court deems just and equitable.

### COUNT IV – ADA VIOLATION
**(Disability Discrimination)**

46.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

47.    Based on Defendants' perception of Plaintiff having disabilities and/or Defendants' perception Plaintiff was disabled, Plaintiff is a member of a protected class under the ADA.

48.    Plaintiff was subjected to disparate treatment by Defendants on the basis of her perceived disability and/or perception of being disabled, including without limitation, unlawfully subjecting Plaintiff to different terms and conditions of her employment, creating a severe and pervasive hostile and harassing work environment, and termination of Plaintiff's employment on or about January 23, 2019.

49.    Defendants' actions were willful and done with malice.

50.    Plaintiff was injured due to Defendants' violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

s)    A jury trial on all issues so triable;

t)    That process issue and that this Court take jurisdiction over the case;

u)    That this Court enter an injunction restraining continued violation of the ADA;

v)   Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

w)   Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

x)   Reinstatement of Plaintiff's full fringe benefits and seniority rights;

y)   Any other compensatory damages, including emotional distress, allowable at law;

z)   Punitive damages;

aa)   Prejudgment interest on all monetary recovery obtained.

bb)   All costs and attorney's fees incurred in prosecuting these claims; and

cc)   For such further relief as this Court deems just and equitable.

## COUNT V – ADA VIOLATION
### (Retaliation)

51.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

52.    Based on Defendants' perception of Plaintiff having disabilities and/or Defendants' perception Plaintiff was disabled, Plaintiff is a member of a protected class under the ADA.

53.    Plaintiff was unlawfully retaliated against by Defendants based on Plaintiff exercising her rights by complaining and objecting to Defendants' unlawful violations of the ADA, including without limitation, Defendants' unlawful termination of Plaintiff's employment on or about January 23, 2019.

54.     Defendants' actions were willful and done with malice.

55.     The adverse employment action that Defendants took against Plaintiff was material.

56.     Plaintiff was injured due to Defendants' violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      That this Court enter a declaratory judgment against Defendants, stating that Defendant interfered with Plaintiff's rights under the ADA;

d)      That this Court enter an injunction restraining continued violation of the ADA;

e)      Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)      Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g)      Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)      Any other compensatory damages, including emotional distress, allowable at law;

i)      Punitive damages;

j)      Prejudgment interest on all monetary recovery obtained.

k)      All costs and attorney's fees incurred in prosecuting these claims; and

l)      For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 14th day of November, 2019.

Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**

and

**SCOTT M. WEAVER**
Florida Bar Number: 573221
**THE WEAVER LAW FIRM, P.A.**
801 West Bay Dr., Suite 426
Largo, FL 33770
Telephone: 727-316-5330
Facsimile: 727-499-7322
Email: scott@theweaverlawfirm.com
**Attorney for Plaintiff**

12